UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TERA E. JENKINS,<br><br>        Defendant. | Criminal Action No. 3:05-CR-244 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Request for Hearing filed by Defendant Tera E. Jenkins ("Jenkins") (ECF No. 29) and a Motion for Entry of Garnishment Disposition Order ("Motion for Garnishment") (ECF No. 31) filed by the United States. For the reasons that follow, the Court DENIES the Request for Hearing and GRANTS the Motion for Garnishment.

**BACKGROUND**

On July 26, 2005, Jenkins pled guilty to one count of money laundering before Magistrate Judge M. Hannah Lauck. On December 6, 2005, this Court sentenced Jenkins to thirty months' imprisonment and three years of supervised release, as well as payment of restitution in the amount of $57,632.03. Special conditions of Jenkins's sentence included a requirement to pay the balance owed on the special assessment and restitution in monthly installments of no less than $250.00. As of July 2, 2013, the net outstanding balance of Jenkins's judgment debt was $53,553.02.

On July 3, 2013, the United States filed an Application for Writ of Continuing Garnishment ("Application"). The Application asserted that Garnishee EVB was believed to be in possession of property—specifically, $40,026.20 held in a checking account under Jenkins's name—in which Jenkins had a substantial nonexempt interest ("EVB Account"). The same day,

1

the Clerk entered a Writ of Continuing Garnishment and Notice of Garnishment. These documents were personally served on Jenkins on August 16, 2013.

On July 11, 2013, Garnishee EVB filed an Answer to the Writ of Continuing Garnishment. In its Answer, EVB declared that Jenkins was the sole drawer on a checking account, making EVB indebted to Jenkins in the amount of $40,026.20. EVB's Answer also indicated that on July 3, 2013, a copy of the Answer was mailed to Jenkins at 211 Beale Street, Hague, Virginia 22469, which appears to be Jenkins's current address.

On August 26, 2013, Jenkins filed a Request for Hearing and Claim for Exemption Form ("Exemption Form"), which was provided to her with the Notice of Garnishment on August 16, 2013. Jenkins filed the Request for Hearing ten days after receipt of the Notice of Garnishment and fifty-four days after service of EVB's Answer. The Request for Hearing indicates that Jenkins intended to claim an exemption; however, Jenkins did not indicate that any of the exemptions listed on the Exemption Form were applicable. As attachments to her request for a hearing, Jenkins submitted two letters. The first letter is from Michael Freitas,[1] who asserts that he works for MFoil Contractors, that Jenkins is his personal assistant, and that he owns the funds the United States seeks to garnish. He implies that Jenkins was in possession of the funds pursuant to an assigned task and requests that the funds be released. Jenkins wrote the second letter, confirming that she requests an exemption and that she does not own the funds in the EVB account.

On September 10, 2013, the United States moved the Court to enter a Garnishment Disposition Order and deny Jenkins's request for a hearing. Jenkins made no response to the Motion for Garnishment.

**LEGAL STANDARD**

The Mandatory Victim Restitution Act allows the United States to enforce a judgment imposing restitution "in accordance with the practices and procedures for the enforcement of a

---

[1] The scanned document is difficult to read. The spelling of this name, therefore, may not be accurate.

civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); *see United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007). One means of enforcement available to the United States is codified in the Federal Debt Collection Procedures Act ("FDCPA"), which includes procedures for garnishment. 28 U.S.C. § 3205. Under these provisions, "all property or rights to property of the person fined" may be garnished, unless subject to certain enumerated exemptions. 18 U.S.C. § 3613(a)(1). The only exemptions available to a criminal debtor owing restitution are found in section 3613(a), which provides as follows:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

The only exemptions pursuant to subpart (1) available against garnishment for criminal restitution are found in 26 U.S.C. § 6334 and include: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. *United States v. Lazorwitz,* 411 F. Supp. 2d 634, 637 (E.D.N.C. 2005).

A party subject to garnishment under the FDCPA may request a hearing for certain, enumerated purposes. With regard to a claim for any of the foregoing exemptions, 28 U.S.C. §

3202(d) provides that a defendant debtor may request a hearing within 20 days after receiving a notice of garnishment and may move to quash the writ of garnishment. 28 U.S.C. § 3202(d). The court "shall hold a hearing on such motion as soon as practicable" and the issues addressed at the hearing "shall be limited (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted;" and (3) to certain issues applicable only to enforcement of default judgments. *Id.*

In addition, 28 U.S.C. § 3205(c)(5) states that a defendant subject to garnishment may request a hearing regarding objections raised against a garnishee's answer. 28 U.S.C. § 3205(c)(5). Section 3205 requires that United States serve a defendant debtor and a garnishee believed to be in possession of the defendant debtor's property with a writ of garnishment. 28 U.S.C. § 3205(c)(3). The garnishee must respond to the United States and serve the defendant debtor with its answer. 28 U.S.C. § 3205(c)(4). The defendant debtor may object to the garnishee's answer, and request a hearing on the objection, within 20 days of service of the garnishee's answer. 28 U.S.C. § 3205(c)(5).

## DISCUSSION

The United States correctly asserts that Jenkins failed to timely object to the Garnishee's Answer. Jenkins could have filed an objection to the Garnishee's Answer and requested a hearing on the objection within twenty-three days of July 3, 2013, when Garnishee EVB mailed a copy of its Answer to Jenkins. 28 U.S.C. § 3205(c)(5); Fed. R. Civ. P. 5(b)(2)(C); Fed. R. Crim. P. 45(c). Arguably, Jenkins has never raised an objection to the Garnishee's Answer and has only attempted to claim an exemption. However, even if Jenkins's submission of the Exemption Form and appended letters can be construed as an objection to the Answer, these documents were not submitted until August 26, 2013, fifty-four days after service of the Garnishee's Answer was effectuated. As such, Jenkins failed to timely object to the Garnishee's Answer or to timely request a hearing on any such objection. The Court appears to be without authority to extend the

statutory deadline for requesting a hearing. *Cf. United States v. Reynolds*, No. 3:09-CV-2083-L, 2010 U.S. Dist. LEXIS, *2 (N.D. Tex. Mar. 19, 2010). As such, Jenkins's Request for Hearing cannot be granted pursuant to 28 U.S.C. § 3205.

In contrast, Jenkins did timely request a hearing on asserted exemptions to garnishment; however, her request is deficient in two ways. First, the Exemption Form submitted by Jenkins fails to identify which exemption she intends to assert. Second, to the extent that Jenkins attempts to assert her non-ownership as a basis for exemption, her argument fails because non-ownership is not a qualifying exemption from garnishment. Because of these deficiencies, Jenkins has not raised any of the limited issues permitted for consideration by section 3202(d), and her Request for Hearing may be properly denied.

The Fourth Circuit does not appear to have yet considered the limiting requirements of section 3202(d) as the basis for denying a hearing on a motion to quash a writ of garnishment; however, district courts in this circuit and elsewhere appear to uniformly deny exemption hearing requests where the defendant debtor fails to identify a valid claim for exemption or the government's noncompliance with statutory requirements. *See, e.g.*, *United States v. Page*, No. 1:13-CV-119, 2013 U.S. Dist. LEXIS 84140, *9-10 (N.D. W. Va. May 23, 2013) (denying defendant debtor's request for a 3202(d) hearing and collecting cases); *United States v. Bullock*, No. 3:03-CR-218, 2011 U.S. Dist. LEXIS 15186, *5-6 (W.D.N.C. Feb. 7, 2011) (same); *United States v. Calcutt*, No. 1:04-CR-72, 2006 U.S. Dist. LEXIS 75215, *4-5 (W.D.N.C. Oct. 12, 2006) (same).

In this case, Jenkins did not indicate that she intends to claim any exemptions available under section 3202. Each of the possible exemptions under this statute was included in the Exemption Form that Jenkins submitted to the Court, and she did not mark any of them. Further, because Jenkins asserts that she does not own the funds, they cannot fall under any of the enumerated exemptions. Additionally, the United States has complied with the statutory requirements for notice and service as required by statute. *See* 28 U.S.C. §§ 3202, 3205. As such,

Jenkins cannot successfully assert any objection or exemption which the Court may consider at a hearing pursuant to section 3202(d).

Ultimately, it appears that the objection Jenkins has attempted to raise would have been properly asserted as an objection to the Garnishee's Answer on the basis that she does not have a "substantial nonexempt interest" in the account funds. 28 U.S.C. § 3205(a). As stated previously, Jenkins failed to timely object to the Garnishee's Answer. However, even if a timely objection had been made, it appears to lack merit. Although the Fourth Circuit does not appear to have construed the meaning of "substantial nonexempt interest" as it appears in section 3205(a), at least one other court has found that a third party's alleged interest in garnished property was insufficient to bring a defendant debtor's interest outside the scope of section 3205(a). *See United States v. Petal*, 444 F. App'x 737 (5th Cir. 2011). In *Petal*, the government sought to garnish lease proceeds earned by a defendant ordered to pay restitution. *Id.* at 738. The defendant argued that the mortgage holder, a bank, had a superior interest in the lease proceeds because the leased home had been foreclosed upon. *Id.* The Fifth Circuit rejected the defendant's argument and found that his interest in lease proceeds was "substantial" within the meaning of section 3205 because there was no evidence that the bank, which was not a party to the proceeding, had actually foreclosed on the home or attempted to collect lease payments. *Id.* at 740-41. Similarly in this case, Mr. Freitas is not a party to this proceeding, and there is no evidence that he has a superior interest to the funds in Garnishee EVB's possession.

To the extent that a third party has an interest in property sought to be garnished by the government, state law determines whether the funds are subject to garnishment. 28 U.S.C. § 3010(a); *accord United States v. Kollintzas*, 501 F.3d 796, 801 (7th Cir. 2007). The Virginia Code allows garnishment in the event that "there is a liability on any person other than the judgment debtor . . . to which a judgment debtor is or may be entitled as creditor." Va. Code § 8.01-511. The language applies to the funds at issue because EVB was liable to Jenkins, as the account holder, for the value of the deposited funds. The Virginia Code does create additional

procedural requirements for garnishment of funds held in a joint account. *See* Va. Code § 6.2-606. However, Garnishee EVB's Answer indicates that Jenkins is the sole drawer on the account in issue. As such, it appears that even if Jenkins had properly objected to the Garnishee's Answer and requested a hearing pursuant to section 3205, an objection raising Mr. Freitas's interest in the funds would be without merit.

In summary, it appears that Jenkins failed to meet the statutory requirements for a hearing. *See* 28 U.S.C. §§ 3202, 3205. Based on this failure, the Court may properly grant the Government's Motion for Garnishment and deny Jenkins's Request for Hearing.

## CONCLUSION

For the reasons stated above, the Court GRANTS the United States' Motion for Garnishment and DENIES Jenkins's Request for Hearing.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Jenkins.

An appropriate Order will issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this ___16th___ day of January 2014.